IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHUAO CHEN, by his mother :
LIRONG XU, :
      Petitioner :
    v. : Case No. 3:24-cv-294-KAP
UNITED STATES IMMIGRATION AND :
CUSTOMS ENFORCEMENT, *et al.*, :
      Respondent :

<u>Memorandum Order</u>

    The motions at ECF no. 18 through ECF no. 27 are denied for the reasons explained below.

    Lirong Xu filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) alleging that the Bureau of Immigration and Customs Enforcement is wrongly detaining her son, Shuao Chen. The petition was transferred here by the Middle District. After screening the petition, I recommended, at ECF no. 16, that the petition be dismissed without service because the petition is being prosecuted by Ms. Xu, not Mr. Chen, and Ms. Xu cannot appear without an attorney as next friend of the petitioner. I denied the pending ancillary motions because their validity will necessarily be decided in the review of my Report and Recommendation. Ms. Xu's time to object to that recommendation is running. I have no way to contact Mr. Chen (Ms. Xu gives his address as the same as hers) but my recommendation, if adopted, by its nature does not affect any legal right of his to bring an action either by counsel or *pro se*.

    On the same day that I filed my recommendation, Ms. Xu came to the window at the Clerk's Office in Johnstown and filed additional motions at ECF no. 18 through ECF no. 23. Yesterday Ms. Xu filed the additional motions at ECF no. 24 through ECF no. 27. Some of them are duplicates of motions previously filed here or in the Middle District of Pennsylvania.

    As with the previous pleadings and motions, these motions are signed by Ms. Xu but not Mr. Chen. They seek relief on behalf of Mr. Chen. As I said in my Report and Recommendation, Ms. Xu cannot practice law in this court on the basis of her natural relationship to Mr. Chen or on the basis of a power of attorney. Even if Ms. Xu prepares the motions, Mr. Chen must sign them for them to be his motions. *See* Fed.R.Civ.P. 11(a) (every pleading, motion, or paper must be signed by an attorney of record or by the party personally). Permitting the practice of law by a layperson equipped only with a power of attorney would plunge federal courts into chaos. The potential loss of legal rights of the person purportedly represented is why Ms. Xu cannot proceed in this manner.

     Ultimately this matter will have to be ruled on by the presiding Article III judge, and the motions at ECF no. 23, and ECF no. 27, liberally construed, can be considered objections to my orders and to my Report and Recommendation by Ms. Xu, presenting the Court with her objection to my recommendation that this matter cannot proceed using her current method of attempting to represent Mr. Chen as a petitioner.

     I previously advised Ms. Xu that pursuant to 28 U.S.C.§ 636(b)(1), she or Mr. Chen could file written objections to my Report and Recommendation. That time would run on January 13, 2025. To make sure Ms. Xu's ability to present her position as to the validity of this current set of motions is fully protected, that time is extended to January 22, 2025. I still do not have an address (other than Ms. Xu's) to provide notice to Mr. Chen.

DATE: December 31, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Lirong Xu
1017 Walnut Street
Coatesville, PA 19320